U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED

JUN 27 2017

TONY R. MOORE CLERK
BY _____ DEPUTY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| JAMES D. PERRY | * | CIVIL ACTION NO. 2:17-CV-00209 |
| v. | * | |
| | * | JUDGE JAMES T. TRIMBLE, JR. |
| NORTHWESTERN MUTUAL LIFE INSURANCE CO., ET AL. | * | |
| | * | MAGISTRATE JUDGE KAY |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## MEMORANDUM RULING

Before the court is a Report and Recommendation (Rec. Doc. 20) from the Magistrate Judge recommending that the Motion to Remand and Motion for Attorney's Fees (Rec. Doc. 8) be denied. The Motion to Remand (Rec. Doc. 8) was filed by the plaintiff, Dr. James D. Perry, a Louisiana citizen. The defendant, Northwestern Mutual Life Insurance Company ("Northwestern") opposed the motion (Rec. Doc. 12), arguing that its co-defendant, Center for Orthopedics ("CFO"), a Louisiana resident, should be realigned as a plaintiff to preserve complete diversity. The Magistrate Judge agreed with Northwestern and recommended realigning the parties so that CFO and Dr. Perry were plaintiffs in the case. After a review of the Report and Recommendation, an independent review of the record, and a *de novo* determination of the issues, the court will adopt the Report and Recommendation except for its conclusions regarding realignment of the parties. The court concludes that CFO was improperly joined and will dismiss CFO as a defendant without prejudice and deny the Motion to Remand and Motion for Attorney's Fees (Rec. Doc. 8).

The court finds that Dr. Perry, while naming CFO as a defendant, did not actually allege any cause of action against CFO in his complaint. In support of his Motion to Remand, Dr. Perry

1

states that he has distinct claims against CFO that are not dependent on his claims against Northwestern. As support he cites paragraph 12 of the complaint which states:

> JJG Properties, LLC, and Imperial Landholdings, LLC own the office building and other immovable property on which CFO operates and from which Dr. Perry conducted his medical practice. Dr. Perry is an owner/member of JJG Properties, LLC, and Imperial Landholdings, LLC, and by virtue of his ownership in these entities is obligated on the debt for the CFO office building and immovable property, the value of which [Northwestern] has previously calculated and attributed to Dr. Perry in the approximate amount of $372,094.00. This amount failed to include Imperial Landholdings, LLC. This obligation on the part of [Northwestern] has not been paid. Notwithstanding [Northwestern]'s making these calculations of the buyout expense reimbursement, [Northwestern] ultimately denied the payment of any benefits due to its erroneous determination that Dr. Perry was not disabled.[1]

The plaintiff argues that this paragraph alleges claims against CFO regarding "accounts receivables, [and] removal of the Plaintiff from ongoing bank obligations."[2] However, this paragraph does not allege any claims against CFO. The complaint names CFO as a defendant but does not allege a cause of action against CFO. The plaintiff cannot create claims in its motion to remand that were not raised in the complaint. Because the plaintiff has not actually alleged claims against CFO, the plaintiff is unable to establish a cause of action, making the joinder improper. *See Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 249 (5th Cir. 2011). The court will dismiss CFO as an improperly joined defendant. With CFO dismissed, there is complete diversity, and the amount in controversy exceeds $75,000. Therefore the court has subject matter jurisdiction over the case, and the motion to remand will be denied. *See* 28 U.S.C. § 1332(a)(1).

---

[1] (Rec. Doc. 1-2), pp. 6-7.

[2] Memo. in Support (Rec. Doc. 8-2), p. 4.

While Northwestern argues that CFO and not Dr. Perry is the proper plaintiff in the case, and that CFO should be realigned as a plaintiff, CFO has not filed an answer or alleged any claims against Northwestern. The court is reluctant to realign CFO as a plaintiff when it has not answered, made a motion, responded to a motion, or alleged claims against Northwestern.

## **CONCLUSION**

For the reasons explained above, the Report in Recommendation will be adopted in part, Dr. Perry's Motion to Remand and Motion for Attorney's Fees (Rec. Doc. 8) will be **DENIED**, and CFO will be **DISMISSED** as a defendant without prejudice.

**THUS DONE AND SIGNED** in Alexandria, Louisiana on this 27th Day of June, 2017.

**JAMES T. TRIMBLE, JR.**
**UNITED STATES DISTRICT JUDGE**